Douglas R. Painter (SB# 131043)
dpainter@steinbrecherspan.com
STEINBRECHER & SPAN LLP
445 S. Figueroa St., Suite 2230
Los Angeles, CA  90071
T:  (213) 891-1400
F:  (213) 891-1470

Attorneys for Petitioners Del Taco LLC
and Del Taco Restaurants, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEL TACO LLC, a California limited liability company, and DEL TACO RESTAURANTS, INC., a Delaware corporation,<br><br>Petitioners,<br><br>v.<br><br>FLORIDEL, LLC, a Florida limited liability company, JOHN MCDONNELL JR., a citizen of the Commonwealth of  Massachusetts, RAM K. REDDY, a citizen of the State of Florida, STEPHEN RUFF, a citizen of the State of Florida, and EDWARD HOWIE, a citizen of the State of Georgia<br><br>Respondents. | CASE NO.<br><br>**PETITION OF DEL TACO LLC AND DEL TACO RESTAURANTS, INC. TO CONFIRM ARBITRAL AWARD** |

**PETITION TO CONFIRM ARBITRAL AWARD**

Petitioners Del Taco LLC and Del Taco Restaurants, Inc. (collectively, Del Taco) hereby petition this Court to confirm the June 15, 2016 Final Award issued by a three arbitrator panel of the American Arbitration Association (the "AAA"), pursuant to Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq.*

## THE PARTIES

1.    Petitioner Del Taco LLC is a limited liability company organized under the laws of California, with its principal place of business in Lake Forest, California.  Del Taco LLC's sole member is Kerry Foods International LLC.  Kerry Foods International is a California limited liability company with its principal place of business located in Lake Forest, California.  The sole member of Kerry Foods International is Sagittarius Restaurants LLC, whose principal place of business is located in Lake Forest, California.  Sagittarius Restaurants LLC's sole member is F&C Restaurant Holding Co., Inc., a Delaware Corporation with its principal place of business located in Lake Forest, California.

2.    Petitioner Del Taco Restaurants, Inc. is a corporation incorporated under the laws of Delaware; its principal place of business is located in Lake Forest, California.

3.    Respondent Floridel LLC is a limited liability company organized under the laws of Florida, with its principal place of business in Orlando, Florida. Floridel LLC's sole members are Redevcorp Holdings, Inc. and Siridel, Inc. Redevcorp Holdings, Inc. is a Florida corporation with its principal place of business in Orlando, Florida.  Siridel, Inc. is a Florida corporation with its principal place of business in Orlando, Florida.

4.    Respondent John McDonnell Jr. is a citizen of the Commonwealth of Massachusetts.

5.    Respondent Ram K. Reddy is a citizen of the State of Florida.

6.    Respondent Stephen Ruff is a citizen of the State of Florida.

7. Respondent Edward Howie is a citizen of the State of Georgia.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because no Respondent shares a state of citizenship with a Petitioner, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Respondents because they transact business in this district. Moreover, the Final Award that Petitioners seek confirmation of was made in this district. *See* FAA § 9 (conferring personal jurisdiction over an adverse party to a petition for confirmation of an arbitral award "to the United States court in and for the district within which [the arbitration] award was made" upon service of a notice of the petition upon the adverse party).

10. Venue is proper in this district under 28 U.S.C. § 1391 and under Section 9 of the FAA because the arbitration agreement states that "the parties may enter a judgment on the awar[d] in any court of competent jurisdiction." A copy of the parties' arbitration agreement is attached as Exhibit 1.[1]

## ARBITRATION PROCEEDINGS

11. In November 2014, Respondents initiated an arbitration action before the AAA. The action was designated as AAA Case Number 01-14-0001-9403.

12. By letter dated January 15, 2015, and pursuant to the parties' agreement to arbitrate, the AAA appointed a three-member arbitration panel comprised of Matthew J. Geyer, the Honorable James M. Slater, ret., and Jeffrey H. Dasteel. The AAA's letter designating the arbitrators for Case Number 01-14-0001-9403 is attached as Exhibit 3.

---

[1] The parties entered into several contracts containing agreements to arbitrate. The arbitration agreement contained in the parties' most recent contract is attached. The arbitration panel in this matter recognized that it derived its arbitral authority from the arbitration agreements in each of the contracts entered into between the parties in this matter. *See* Final Award (attached as Exhibit 2), at 1.

13. The three-member panel of arbitrators conducted a five-day final merits hearing on January 5-8 and February 3, 2016. Counsel for both parties attended the hearing and presented testimony and other evidence. Both parties also submitted pre-hearing and post-hearing briefing.

14. The three-member panel of arbitrators issued a Final Award dated June 15, 2016, finding in favor of Del Taco in all respects and awarding Del Taco: (i) $887,656.25 in attorneys' fees; (ii) $226,960.35 in related costs and expenses; and (iii) $68,658.50 in arbitration fees and expenses. Final Award (Exhibit 2), at 18.

15. The Final Award is in all respects proper, and there is no legitimate grounds under 9 U.S.C. § 10 for Respondents to contest or seek to vacate the Final Award. Accordingly, an order and separate Court judgment confirming the Final Award should be granted.

**PRAYER FOR RELIEF**

A. Enter an Order confirming the Arbitrator's June 15, 2016 Final Award;

B. Enter Judgment against Respondents, jointly and severally, in conformity therewith and ordering Respondents' compliance with the Final Award;

C. Award Petitioners prejudgment interest from the date of the final arbitration award to the date that the Court enters judgment confirming the Final Award;

D. Award Petitioners post-judgment interest from the date that the Court enters judgment confirming the Final Award;

E. Award Petitioners their costs incurred in connection with the preparation of this Petition and any related proceedings;

F. Retain jurisdiction for the purposes of further proceedings necessary to enforce this Court's judgment; and

//
//
//

G. Grant such other and further relief as this Court deems appropriate.

Dated: July 5, 2016

Douglas R. Painter
STEINBRECHER & SPAN LLP


By: /s/Douglas R. Painter
　　　Douglas R. Painter

Attorneys for Petitioners
Del Taco LLC and Del Taco Restaurants, Inc.

**PETITION TO CONFIRM ARBITRAL AWARD**